## FREDERIC AVERY *versus* STEPHEN W. HALSEY.

Where two persons are claiming title to personal property adversely to each other, and one of them calls upon a third to assist in removing it, and the assistant has reasonable grounds to believe that his employer is the owner of the property, a promise of indemnity to the assistant is valid in law, although it subsequently turns out that the title of the employer was not good, and the act of removal was a tres pass.

Notice of the true owner's claim to the property, given by him to such assistant while the title was in dispute, was *held* not to be conclusive evidence that the assistant knew that the property was not in his employer.

An express promise of indemnity being made to such assistant by one who claimed no interest in the property, and such assistant having acted on the faith of it, it was *held* that the danger incurred was a valid consideration, and that an action on the promise might be maintained.

ASSUMPSIT. This action was incidentally connected with that of *Woodruff* v. *Nathan H. Halsey and Avery*, reported in 8 Pick. 333, and 9 Pick. 555.

The plaintiff brought his action against Stephen W. Halsey on a promise of indemnity, and alleged that Nathan H. Halsey, the defendant's brother, claiming to be the owner of a blacksmith's shop, engaged the plaintiff to assist him in taking it down and removing it ; that the plaintiff, having been notified of the claim of Woodruff to the same shop, and having declined to proceed upon the sole promise of Nathan to indemnify him, Stephen, the defendant, promised to indemnify him ; that Woodruff brought his action of trespass against Nathan and the plaintiff jointly, for taking down and removing the shop, and recovered a judgment, the whole of which was paid and satisfied by the plaintiff; and that Nathan has not paid any thing to the plaintiff by way of reimbursement or contribution.

At the trial, before *Shaw* C. J., the defendant contended that the alleged promise, being a promise to indemnify the plaintiff against the consequences of a tortious act in committing a trespass upon the property of another, was illegal and void, and that no action could be maintained upon it.

The jury were instructed, that if a person, knowing that another has an illegal design to take away the property of a third, upon request, assists in doing it, such assistance is itself

Avery
*v.*
Halsey.

an illegal act, and any promise of indemnity made by the person having such illegal design, or by any other person in his behalf, would be unlawful and void and would not support an action ; but when two persons are claiming title to personal property adversely to each other, and one of these claimants calls upon another person to assist in removing it, and the latter has reasonable ground to believe that his employer is the owner of the property, a promise of indemnity to such person is valid in law, although it subsequently turns out that the title of the employer was not good, and the act of removal was a trespass.

It being contended, that after notice by Woodruff, the plaintiff must be taken to have known that the property was Woodruff's and the act of taking it a trespass, the jury were instructed, that if the question of property was then disputed and doubtful, and not settled till afterwards, and that by a judgment of court, such notice was evidence of an adverse claim, but was not conclusive evidence that the plaintiff knew that the property was in Woodruff, such notice and claim of property not being admitted but denied by the party employing him and claiming his assistance.

It appearing that Stephen, the defendant, claimed no interest in the property himself, the jury were instructed, that if Stephen, acting for the benefit of Nathan, in order to induce the plaintiff to assist Nathan, made an express promise to the plaintiff to indemnify him, and the plaintiff acted upon the faith of it, the danger to be incurred by the plaintiff was a good consideration, and the promise was a valid one in point of law, and upon which the plaintiff might maintain an action.

A verdict was found for the plaintiff. If these directions were wrong, the verdict was to be set aside and a new trial granted.

*Briggs* and *Byington* for the defendant. It is obvious that <span style="float:right">*Sept.* 18th</span> the promise was to indemnify the plaintiff against the consequences of an illegal act ; and it therefore cannot be enforced ; *Russell* v. *Wheeler,* 17 Mass. R. 258 ; *Waymell* v. *Reed,* 5 T. R. 599. *Cannan* v. *Bryce,* 3 Barn. & Ald. 179 ; *Pennington* v. *Townsend,* 7 Wendell, 276 ; and his ignorance or knowledge of the true nature of the transaction does not

Avery
v.
Halsey.

affect his right to recover. *Biggs* v. *Lawrence*, 3 T. R 454 ; *Furtado* v. *Rodgers*, 3 Bos. & Pul. 191 ; *Wilkinson* v. *Loudonsack*, 3 Maule & Selw. 126. The law will not imply a promise of contribution or indemnity as between co-trespassers, on account of the illegality of the consideration, and for the same reason it will not enforce an express promise in the like case. *Merryweather* v. *Nixan*, 8 T. R. 186 ; *Peck* v. *Ellis*, 2 Johns. Ch. R. 136. There is little analogy between this case and that of a bond of indemnity to an officer for attaching property. The officer is bound to execute his pre cept ; the property taken is in the custody of the law, so that the owner cannot sustain a damage ; the officer acts as the agent of the creditor, who is supposed to know that the property belongs to his debtor ; and the compensation of the officer is not increased by the increase of risk. Here the plaintiff could have declined acting ; the property was not placed in the custody of the law ; the real owner made a claim to the prop erty ; and the increase of risk augmented the compensation.

The plaintiff had knowledge that the property belonged to Woodruff, or, which is equivalent in a case like this, he knew that the title was in controversy, and not being obliged to assist either claimant, he should have left them to their legal remedies.

*Kellogg*, *Bishop* and *Porter*, for the plaintiff, cited Bull. N. P. 146 ; 1 Com. Contr. 31 ; *Allaire* v. *Ouland*, 2 Johns. Cas. 52 ; *Coventry* v. *Barton*, 17 Johns. R. 142 ; *Stone* v. *Hooker*, 9 Cowen, 154 ; *Train* v. *Gold*, 5 Pick. 380.

*Sept. 19th.*     The *Court* were of opinion, that the several instructions to the jury were correct in point of law, and accordingly judgment was entered on the verdict.